IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 4:00cr53-RH
Case No. 4:03cv220-RH/WCS

MELVIN BOYNTON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

This cause is before the court on Defendant's "Rule 60(b) Motion in Light of Gonzalez v. Crosby, [545 U.S. __, 125 S.Ct. 2641], 162 L.Ed.2d 480 (2005) to Reopen the Judgement, Based on the Defect That Was in the 2255 Proceeding." Doc. 255. Defendant claims that his motion to supplement, filed pursuant to the court's order of January 6, 2004, was denied on procedural grounds ignoring the principles of Fed.R.Civ.P. 15. *Id.*, pp. 1-4. Defendant claims that the court failed to look at the substance of his pleading in denying his § 2255 motion and a certificate of appealability. *Id.*, pp. 4-5, citing, *inter alia*, Dye v. Hofbauer, __ U.S. __, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005) and Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The asserted basis for Rule 60 relief in <u>Gonzalez</u> was that, after relief under 28 U.S.C. § 2254 had been denied, the Supreme Court issued an opinion which "showed the error of the District Court's statute-of-limitations ruling."  125 S.Ct. at 2650.  The Court held that a Rule 60(b) motion challenging the § 2254 judgment *only* on statute of limitations grounds was not a second or successive habeas corpus petition.  125 S.Ct. at 2650.  But while it was not a second or successive petition, the Court affirmed denial of the Rule 60(b) motion as the "extraordinary circumstances" required by Rule 60(b)(6) had not been shown.  *Id.*, at 2650-51.  The district court's interpretation of the statute was consistent with circuit law at that time, and "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme] Court arrived at a different interpretation."  *Id.*  The petitioner's lack of diligence in pursuing review on the issue confirmed the lack of extraordinary circumstances.  *Id.*, at 2651.

Unlike the situation in <u>Gonzalez</u>, Defendant Boynton has not identified any changes in law or circumstances which would undermine denial of his motion to amend or the § 2255 judgment.  The motion to amend was denied on February 17, 2004.  Doc. 170.  A party may seek reconsideration by the district judge of any pretrial matter where the magistrate's order is clearly erroneous or contrary to law.  §  636(b)(1)(A); Fed.R.Civ.P. 72(a).  Objections to a pretrial order must be made within ten days, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Rule 72(a).  Defendant did not seek reconsideration by the district judge.  Months later Defendant filed a motion to expand the record, which noted that he had been denied leave to amend, and the motion to expand was granted.  Docs. 180 (p. 2) and 183.

Denial of the motion to amend was noted in the report and recommendation of October 15, 2004. Doc. 199, p. 1. Defendant filed objections to the recommendation. Doc. 201. The court adopted the report and recommendation and denied § 2255 relief with prejudice. Docs. 202 (order adopting recommendation) and 203 (judgment entered on the docket on November 5, 2004). Defendant filed a motion to alter or amend judgment, request for correction or production of accurate transcripts, application for certificate of appealability, and financial affidavit. Docs. 205, 207, 217, and 223.

The issues raised now could or should have been pursued while the § 2255 proceedings and appeal were pending. Defendant claims that the proper procedure for denying a certificate of appealability under Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), was not applied here. Doc. 255, p. 5. That case was decided before judgment was entered in this case; moreover it is not a new standard. *See* Zeigler v. Crosby, 345 F.3d 1300, 1303, n. 2 (11th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004) (denying motion to reconsider denial of a certificate of appealability under Miller-El; "[t]his standard is not a new standard.") (citations omitted).

Defendant cites Dye, decided after the judgment and appeal in his § 2255 proceeding, for the proposition that the court "must look at the substance of a defendant's pleading and not merely the denial of the lower court." Doc. 255, p. 4. As relevant here, the Court rejected the alternative conclusion of the court of appeals,[1] that the federal habeas corpus petition was overly vague, finding that it "made clear and repeated references to an appended supporting brief, which presented Dye's federal

---

[1] The court of appeals first found that the state habeas corpus petitioner failed to properly present a federal claim in state court for purposes of exhaustion, a conclusion the Supreme Court found incorrect. 126 S.Ct. at 6.

claim with more than sufficient particularity." *Id.*, citing Fed.R.Civ.P. 81(a)(2) (civil rules applicable in § 2255 proceedings to the extent that the practice in such proceedings is not set forth by statute or the § 2255 rules) and 10(c) (statements in a pleading may be adopted by reference in a pleading or motion; an exhibit to a pleading is a part of the pleading).  This is not a new standard, and Defendant's motions to amend were not rejected for being vague or referencing attachments or other pleadings.  They were rejected as not accompanied by a proposed amended pleading submitted in its entirety with all amendments incorporated therein, such that matters not set forth in the amended pleading would be deemed abandoned.  Local Rule 15.1; docs. 164 and 170.  Defendant has not shown extraordinary circumstances justifying the reopening of a final judgment.  Gonzalez, 125 S.Ct. at 2649 (collecting cases).

It is therefore respectfully **RECOMMENDED** that Defendant Boynton's motion pursuant to Rule 60(b) (doc. 255) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 10, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:00cr53-RH and 4:03cv220-RH/WCS